UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Cesar Augusto Lopez Lopez,

    *Petitioner*,

v.

Luis Soto, Director of Delaney Hall et al.,

    *Respondents*.

No. 2:25-cv-16303 (MEF)

OPINION and ORDER

\* \* \*

For the purposes of this brief Opinion and Order, the Court mainly assumes familiarity with the facts and procedural history of this case.

\* \* \*

A non-United States citizen[1] is being held by federal immigration officials in New Jersey, pending a final determination on his removability from the United States. See Verified Petition for Habeas Corpus ("Petition") (ECF 1) ¶¶ 2, 13; Answer to the Petition for Writ of Habeas Corpus Under 28 U.S.C § 2241 ("Answer") (ECF 5) at 1; Answer, Exhibit A (ECF 5-1) at 1.

Previously, on August 11, an immigration judge conducted a hearing. See Petition ¶ 26; Answer at 1.

At that hearing, the immigration judge made two determinations.

First, that the non-citizen was being held under the authority of 8 U.S.C. § 1226(a). See Petition ¶ 27; Letter from the Respondents, Exhibit B (ECF 8-2) at 5.

And second, that the non-citizen had shown that he was neither a danger to the community nor a flight risk. See Petition ¶ 27; 8 C.F.R. § 236.1(c)(8) (setting out standards for release from

---

[1] Cesar Augusto Lopez Lopez.

immigration custody and indicating that release is possible "provided that the alien" demonstrates that he "would not pose a danger to property or persons" and "is likely to appear for any future proceeding").

In light of this, the immigration judge ordered the non-citizen released.  See Petition ¶ 27; Answer at 1.

Nevertheless, the non-citizen remains detained, while federal officials appeal the immigration judge's release order to the Board of Immigration Appeals.  See Petition ¶ 1, 29; Answer at 1.

The reason why: under a federal regulation, "any order of the immigration judge authorizing release . . . shall be stayed upon DHS's filing of a notice of intent to appeal the [immigration judge's] custody redetermination (Form EOIR-43) . . . and . . . [the release order] shall remain in abeyance pending decision of the appeal by the Board [of Immigration Appeals]."  8 C.F.R. § 1003.19(i)(2).[2]

\*   \*   \*

The non-citizen has now filed a habeas corpus petition before this Court.

---

[2]  The quoted regulation is referred to by the Petitioner as working in an "automatic" way, Petition ¶ 7, 28 --- across the board, it seems, as to all cases in which a release-order appeal is taken by federal authorities.  The Respondents do not meaningfully contest this characterization, by suggesting that the detention-pending-appeal aspect of Section 1003.19(i)(2) is used by federal officials only in a limited and discretionary way.  For example, the Respondents do not suggest that federal officials can and do initiate appeals from immigration-judge release orders that do not go down the mandatory-detention/Form EOIR-43 route --- and that the decision to sometimes go the mandatory-detention route (by filing Form EOIR-43) is made on a discretionary basis by immigration officials, after, say, a close-in review of the circumstances of a particular case and against the backdrop of internal agency standards.  Cf. 8 C.F.R. § 1003.19(i)(2) ("The decision whether or not to file Form EOIR-43 is subject to the discretion of the Secretary.")

From here, he is called "the Petitioner." The federal officials he has sued are called, collectively, "the Respondents."

The Petitioner's argument: he is being illegally detained, because applying the Section 1003.19(i)(2) stay in his case is, among other things, unconstitutional. See Petition ¶¶ 46-56. Therefore, the Petitioner argues, he is entitled to a habeas writ, releasing him from custody. See generally 28 U.S.C. § 2241(a), (c)(3) (indicating that "[w]rits of habeas corpus may be granted by . . . district courts" where a "prisoner . . . is in custody in violation of the Constitution . . . of the United States").

\* \* \*

As alluded to, the Petitioner presses various arguments.

One of them: employing a Section 1003.19(i)(2) stay here cannot be squared with the Constitution's requirement of "procedural due process," as interpreted by the Supreme Court in Mathews v. Eldridge, 424 U.S. 319 (1976) and the cases that flow from it. See Petition ¶¶ 52-56.

More than 30 federal court decisions have landed roughly on that conclusion.[3] These decisions support the Petitioner's argument.

---

[3] See, e.g., Günaydın v. Trump, 784 F. Supp. 3d 1175, 1190 (D. Minn. 2025); Sampiao v. Hyde, 2025 WL 2607924, at *12 (D. Mass. Sept. 9, 2025); Herrera v. Knight, 2025 WL 2581792, at *12 (D. Nev. Sept. 5, 2025); Martinez v. Noem, 2025 WL 2598379, at *4 (W.D. Tex, Sept. 8, 2025); Jacinto v. Trump, 2025 WL 2402271, at *4 (D. Neb. Aug. 19, 2025); Ashley v. Ridge, 288 F. Supp. 2d 662, 671 (D.N.J. 2003); Alves da Silva v. U.S. Immigr. & Customs Enf't, 2025 WL 2778083, at *6 (D.N.H. Sept. 29, 2025); Quispe v. Crawford, 2025 WL 2783799, at *9 (E.D. Va. Sept. 29, 2025); Maldonado v. Olson, 2025 WL 2374411, at *14 (D. Minn. Aug. 15, 2025); Hasan v. Crawford, 2025 WL 2682255, at *13 (E.D. Va. Sept. 19, 2025); Leal-Hernandez v. Noem, 2025 WL 2430025, at *13 (D. Md. Aug 24, 2025); Zavala v. Ridge, 310 F. Supp. 2d 1071, 1079 (N.D. Cal. Mar. 1, 2004); Arce v. Trump, 2025 WL 2675934, at *6 (D. Neb. Sept. 18, 2025); Garcia Jimenez v. Karmer, 2025 WL 2374223, at *4 (D. Neb. Aug. 14, 2025); Vazquez v. Feeley, 2025 WL 2676082, at *21 (D. Nev. Sept. 17, 2025); Arcos v. Noem, 2025 WL 2856558, at *3 (S.D. Tex. Oct. 8, 2025); Silva v.

Between them, these decisions persuade the Court that each Mathews v. Eldridge factor points in the Petitioner's direction here.

Accordingly, the Court concludes that use of the Section 1003.19(i)(2) stay in this case (in what appears to be an "automatic" way, see footnote 2) violates the Petitioner's procedural due process rights.[4]

---

Larose, 2025 WL 2770639, at *5 (S.D. Cal. Sept. 29, 2025); Quispe-Ardiles v. Noem, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); Fernandez v. Lyons, 2025 WL 2531539 (D. Neb. Sept. 3, 2025); Perez v. Berg, 2025 WL 2531566, at *4 (D. Neb. Sept. 3, 2025); Anicasio v. Kramer, 2025 WL 2374224, at *4 (D. Neb. Aug. 14, 2025); Singh v. Lewis, 2025 WL 2699219, at *5 (W.D. Ky. Sept. 22, 2025); Mohammed H v. Trump, 781 F. Supp. 3d 886, 895 (D. Minn. 2025); Barrera v. Tindall, 2025 WL 2690565, at *7 (W.D. Ky. Sept 19, 2025); Perez v. Kramer, 2025 WL 2624387, at *4 (D. Neb. Sept. 11, 2025); Palma v. Trump, 2025 WL 2624385, at *4 (D. Neb. Sept. 11, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521, at *4 (D. Neb. Sept. 3, 2025); Carlon v. Kramer, 2025 WL 2624386, at *4 (D. Neb. Sept. 11, 2025); Eliseo AA v. Olson, 2025 WL 2886729, at *7 (D. Minn. Oct. 8, 2025); Maza v. Hyde, 2025 WL 2951922, at *3-4 (D. Mass. Oct. 20, 2025); Merino v. Ripa, 2025 WL 2941609, at *4 (S.D. Fla. Oct. 15, 2025); Carlos v. Noem, 2025 WL 2896156, at *5 (D. Nev. Oct. 10, 2025).

[4] Three things. First, the Court's determination does not purport to reach 8 C.F.R. § 1003.19(i)(1) --- which allows federal officials to apply to the Board of Immigration Appeals for a "discretionary stay" of an immigration judge's release order pending appeal of the order to the Board. Second, courts have found Section 1003.19(i)(2) to be unlawful on other grounds, too. Because it violates substantive due process, for example. See, e.g., Ashley, 288 F. Supp. 2d at 668-69; Vazquez, 2025 WL 2676082, at *21-22; Quispe, 2025 WL 2783799, at *7-8. And because it is ultra vires. See, e.g., Leal-Hernandez, 2025 WL 2430025, at *14-15; Zavala, 310 F. Supp. 2d at 1079; Jacinto, 2025 WL 2402271, at *5; Campos Leon v. Forestal, 2025 WL 2694763, at *3-5 (S.D. Ind. Sept. 22, 2025); B.D.V.S. v. Forestal, 2025 WL 2855743, at *2-3 (S.D. Ind. Oct. 8, 2025). The Petitioner raises those sorts of arguments here. See Petition ¶¶ 46-51, 57-59. But given the Court's resolution of this matter on procedural due process grounds, there is no need to reach them. Third, the Court expresses no opinion as to

4

\* \* \*

In response to the Petitioner's procedural due process argument, the Respondents press one counterargument. See Answer at 24-25.[5]

Namely, they contend that procedural due process guarantees only kick in if a person is being deprived of an interest protected by law, and the Petitioner here does not have such an interest --- because he is detained under 8 U.S.C. § 1225(b)(2) (which does not allow for release), not under 8 U.S.C. § 1226(a) (which does). See id. at 20, 24-25.

Put differently, the Respondents ask this: why does it matter that the Petitioner is detained under Section 1003.19(i)(2) pending appeal of his release order if he did not have a right in the first place to be released (because he is held under Section 1225(b)(2), a mandatory detention statute)?

\* \* \*

The Respondents' argument does not work for various reasons.

Among others:

First, the immigration judge has held that the Petitioner is detained under § 1226(a). See Petition ¶ 27.

And second, this Court has held that individuals situated like the Petitioner are detained under § 1226(a), not § 1225(b). See Castillo v. Lyons, 2025 WL 2940990, at \*1 & n.1 (D.N.J. Oct. 10, 2025) (so holding, and noting that more than 20 federal courts have reached this same conclusion); accord Buestan v. Chu, 2025 WL 2972252, at \*1 & n.1 (D.N.J. Oct. 21, 2025).

\* \* \*

---

whether Section 1003.19(i)(2) might pass constitutional muster if it were applied in something other than an "automatic" way. See footnote 2.

[5] The Court takes on only those contentions the parties themselves press. See United States v. Sineneng-Smith, 590 U.S. 371, 375-76 (2020) (describing the "principle of party presentation").

5

For the reasons set out above, the Court holds that Section 1003.19(i)(2), as applied to the Petitioner, violates the United States Constitution's procedural due process guarantee.

Therefore, the writ of habeas corpus is granted.

The Petitioner shall be promptly released from federal immigration custody, in conformity with the decision made by the immigration judge following the August 11 bond hearing.

IT IS on this 23rd day of October, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.